IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LESLIE C. MURPHY, MOLLIE MARCIA ROBERTS, and THOMAS LESLIE COOGLE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EQUIFAX, INC., <br><br> Defendant. | Civil Action File No.:_____ |

# CLASS ACTION COMPLAINT

Plaintiffs Leslie C. Murphy, Mollie Marcia Roberts, and Thomas Leslie Coogle (hereinafter collectively "the Plaintiffs"), bring this class action pursuant to the provisions of Rule 23 of the Federal Rule of Civil Procedure, on behalf of themselves and all residents of the United States whose personally identifiable information was compromised as a result of the data breach first disclosed by Defendant Equifax, Inc. (hereinafter "Equifax") in September 2017.

## I.   NATURE OF THE ACTION

1.   Equifax is a consumer credit reporting agency which collects consumers' personally identifiable information from various sources. From May through July 2017, unauthorized persons accessed millions of consumers'

personally identifiable information that was being stored by Equifax.  Equifax knew of the data breach in late July 2017; however, Equifax did not alert consumers of the breach until September 2017.

2. This is a class action on behalf of all residents of the United States whose personally identifiable information was compromised in the data breach as a result of Equifax's negligence and violations of consumer protection laws.

## II. JURISDICTION AND VENUE

3. This Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs and Class members assert that Equifax violated the FCRA, and therefore Plaintiffs' and Class members' claim arises under the laws of the United States.

4. In addition, this Court has subject-matter jurisdiction the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action, including claims asserted on behalf of a nationwide class, filed under Rule 23 of the Federal Rules of Civil Procedure; there are hundreds of thousands, and likely millions, of proposed Class members; the aggregate amount in controversy exceeds the jurisdictional amount or $5,000,000.00; and Equifax is a citizen of a State different from that of Plaintiffs.  This Court also has subject-matter jurisdiction over Plaintiffs' and Class members' claims pursuant to 28 U.S.C. § 1367(a).

5.  Venue is proper in this District under 28 U.S.C. § 1391 (a)–(d) because, inter alia, substantial parts of the events or omissions giving rise to the claim occurred in the District and/or a substantial part of property that is the subject of the action is situated in the District.  A substantial part of Plaintiffs' personal and financial information and activities that Equifax collected, obtained, maintained, and allowed to be accessed without authorization during the data breach, occurred in or was found in the District.  And, a significant part of the risk of harm that Plaintiffs now face through Equifax's wrongful conduct is present in this District.  Venue is also proper in the Atlanta Division because Equifax is located here.

### III.   PARTIES

6.  Defendant Equifax is a Delaware corporation with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia, 30309, in Fulton County, Georgia. Equifax may be served in the State of Georgia via its registered agent, Shawn Baldwin.

7.  Plaintiff Leslie C. Murphy is a resident of the State of Georgia. Plaintiff is a victim of Equifax's recent data breach.  Plaintiff has spent time and resources monitoring her credit and finances.

8. Mollie Marcia Roberts is a resident of the State of Alabama. Plaintiff is a victim of Equifax's recent data breach. Plaintiff has spent time and resources monitoring her credit and finances.

9. Plaintiff Thomas Leslie Coogle is a resident of the State of Georgia. Plaintiff is a victim of Equifax's recent data breach. Plaintiff has spent time and resources monitoring his credit and finances.

## IV.   FACTUAL ALLEGATIONS

10. Equifax is a national credit-reporting business which rates the financial history of consumers in the United States. To accomplish this, Equifax gathers financial information about consumers including data concerning loans, credit cards, utility payments, rent payments, and other personal information.

11. On September 7, 2017, Equifax released a statement to the public announcing that there had been a breach of consumers' personally identifiable information by hackers, and that Equifax had been made aware of the breach on July 29, 2017.

12. Upon information and belief, the personally identifiable information that had been compromised includes names, birth dates, Social Security numbers, credit card numbers, driver's license numbers, and documents pertaining to

disputed charges. In total, an estimated 143 million consumers in the United States have been impacted by the data breach.

13. As a result of the data breach, Plaintiffs' personal and financial information has been compromised and potentially exposed to criminal misuse or sale on the Internet black market.

14. In an attempt to minimize costs and increase company profits, Equifax failed to install proper and adequate security measures to protect consumer information.

15. Unauthorized access of this information by criminal hackers or cyber-attacks was reasonably foreseeable given the numerous earlier reported attacks on other large corporations and other credit-reporting competitors like Experian. Equifax itself has experienced other, although much less extensive, data breaches in the past that led to the unauthorized release of personal identifiable information.

16. Plaintiffs have suffered actual injury in that the value of their personally identifiable information has been exposed and diminished in value, they have been and will be forced to spend time, money, and resources monitoring their credit and finances, and they are subject to a greater risk of identity theft in the future.

17. Though the data breach was discovered on July 29, 2017, Equifax did not disclose this information to the public until nearly six weeks after, on September 7, 2017. The delay in disclosing this information likely allowed the unauthorized use of the personal identifiable information of Plaintiffs and similarly situated consumers without Plaintiffs and other victims having the ability to take reasonable precautions to protect themselves from the inevitable fraud.

18. Equifax set up a site, equifaxsecurity2017.com, so that consumers could check on whether their personal or financial information was compromised.

19. Equifaxsecurity2017.com was not registered under Equifax's domain name, the site ran on WordPress, and it apparently lacked adequate safeguards while requiring consumers to input their last name and last 6 digits of their Social Security Numbers.

20. The equifaxsecurity2017.com website placed consumers at further risk of being targeted by criminal elements.

## V.   CLASS ALLEGATIONS

21. Plaintiffs bring this action on behalf of themselves and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as representatives of a Nationwide Class of others who are similarly situated, defined as follows:

> All persons residing in the United States whose personally identifiable information was acquired by

unauthorized persons in the data breach announced by Equifax in September 2017 (the "Nationwide Equifax Class").

22. Additionally and/or in the alternative to the claims asserted on behalf of the Nationwide Equifax Class, Plaintiffs assert claims pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and separate statewide classes defined as follows:

> All persons residing in [STATE OR DISTRICT OF COLUMBIA] whose personally identifiable information was acquired by unauthorized persons in the data breach announced by Equifax in September 2017 (the "Separate Statewide Classes").

23. This class definition does not include any persons who have previously obtained a judgement or settled any claims against Equifax concerning the types of claims asserted herein.

24. Excluded from the class are also all attorneys for the class, officers and members of Equifax, including officers and members of any entity with an ownership interest in Equifax, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

25. Plaintiffs meet the requirements of Rule 23(a) of the Federal Rules of Civil procedure in that: (a) The members of the class are so numerous that joinder of all members is impracticable; (b) the questions of law and fact are common to

the class; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

26. Plaintiffs also meet the requirements under Rule 23(b)(3) as the questions of law and fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

27. Plaintiffs also meet the requirements under Rule 23(b)(2) as Equifax has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

28. Plaintiffs reserve the right to change or modify the class definition as discovery is conducted.

## VI. APPLICATION OF GEORGIA LAW TO NATIONWIDE CLASS

29. Equifax maintains its principal place of business at 1550 Peachtree Street NE, Atlanta, Georgia 30309.

30. The actions and inactions taken by Equifax which caused the damages to the Plaintiffs and the Nationwide Equifax Class were decided by corporate officers at Equifax's principal place of business.

31. The State of Georgia has significant contact and a significant aggregation of contacts that create a state interest in the claims of the Plaintiffs and the Nationwide Equifax Class such that choice of Georgia law is neither arbitrary nor fundamentally unfair.

32. Application of Georgia law to the Nationwide Equifax Class is therefore appropriate.

## VII.  CLAIMS FOR RELIEF

### *COUNT ONE*

### NEGLIGENCE

**(Applicable to Nationwide Equifax Class or, in the alternative, Separate Statewide Classes)**

33. Plaintiffs restate and re-allege Paragraphs 1-32 as if fully set forth herein.

34. Equifax owed a legal duty to consumers including the Plaintiffs and the Class Members to use reasonable care to protect their personally identifiable information from unauthorized access by third parties.

35. Equifax breached this duty when it failed to use reasonable care in protecting the Plaintiffs' and Class Members' personally identifiable information from unauthorized access by third parties.

36. The Plaintiffs and the Class Members suffered actual harm when their personally identifiable information being stored by Equifax was accessed and stolen by third parties.

37. Equifax's breach of its duty to use reasonable care was the direct and proximate cause of the Plaintiffs' and the Class Members' damages.

38. Equifax knew a failure to use reasonable care in protecting the Plaintiffs' and the Class Members' personally identifiable information from unauthorized access would cause serious harm.

39. Equifax's actions, or lack of actions, were willful, wanton, reckless, outrageous and done with a conscious indifference to the consequences to the Plaintiffs and the Class Members.

40. Plaintiffs and the Class Members are entitled to compensatory damages, punitive damages, and equitable relief.

## COUNT TWO

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

**(Applicable to Nationwide Equifax Class or, in the alternative, Separate Statewide Classes)**

41. Plaintiffs restate and re-allege Paragraphs 1 through 40 as if fully set forth herein.

42. Under 15 U.S.C. § 1681a(c), the Plaintiffs and the Class Members are consumers protected under the Fair Credit Reporting Act ("FCRA").

43. Under 15 U.S.C. § 1681a(f), Equifax is a consumer reporting agency and therefore subject to the FCRA.

44. The FCRA requires any consumer reporting agency, including Equifax, to "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e(a). A consumer report includes "any information . . . bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living . . . ." 15 U.S.C. § 1681a(d)(1).

45. Under 15 U.S.C. § 1681b, the FCRA also dictates the circumstances under which Equifax may furnish a consumer report.

46. Equifax violated the FCRA by furnishing the Plaintiffs' and the Class Members' consumer reports to unauthorized third parties.

47. Equifax also violated the FCRA by failing to maintain reasonable procedures and safeguards to prevent the disclosure of the Plaintiffs' and the Class Members' consumer reports.

48. Equifax's violations of the FCRA were the direct and proximate causes of the damages suffered by the Plaintiffs and the Class Members.

49. Equifax's violations of the FCRA were willful, wanton, reckless, outrageous and done with a conscious indifference to the consequences of the Plaintiffs and the Class Members.

50. Under 15 U.S.C. § 1681n(a)(1)(A), the Plaintiffs and each of the Class Members are entitled to actual damages or damages of not less than $100 and not more than $1,000.

51. Plaintiffs and the Class Members are also entitled to punitive damages, the costs of the action, and reasonable attorneys' fees.

### *COUNT THREE*

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Applicable to Nationwide Equifax Class or, in the alternative, Separate Statewide Classes)

52. Plaintiffs restate and re-allege Paragraphs 1 through 51 as if fully set forth herein.

53. Equifax negligently violated the FCRA by failing to "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e(a).

54. As a result of Equifax's negligence, unauthorized third parties obtained the Plaintiffs' and the Class Members' consumer reports in violation of 15 U.S.C. § 1681b.

55. The Plaintiffs and the Class Members sustained damages as a direct and proximate cause of Equifax's failure to comply with the FCRA.

56. Under 15 U.S.C. § 1681o(a)(1), the Plaintiffs and the Class Members are entitled to "any actual damages sustained by the consumer."

57. The FCRA also provides that the Plaintiffs and the Class Members are entitled to costs of the action and reasonable attorney's fees.

*COUNT FOUR*

**VIOLATION OF O.C.G.A. § 10-1-390,** *et seq.*
**GEORGIA FAIR BUSINESSES PRACTICES ACT**

**(Applicable to Nationwide Equifax Class or, in the alternative, Separate Statewide Classes)**

58. Plaintiffs restate and re-allege Paragraphs 1 through 57 as if fully set forth herein.

59. Equifax is engaged in trade and commerce pursuant to O.C.G.A. § 10-1-392(28).

60. Equifax engaged in unfair or deceptive acts or practices in the conduct of consumer transactions by failing to maintain secure computer systems and data

security practices and by failing to timely and adequately disclose the data breach to the Plaintiffs and the Class Members.

61. These actions violated the Georgia Fair Business Practices Act.

62. Equifax also violated the Georgia Fair Business Practices Act by violating the FCRA as discussed above.

63. The Plaintiffs and the Class Members suffered damages as a direct and proximate result of Equifax's violations of the Georgia Fair Business Practices Act.

64. Equifax's violations were willful, wanton, reckless, outrageous and done with a conscious indifference to the consequences to the Plaintiffs and the Class Members.

65. Plaintiffs and the Class Members are therefore entitled to compensatory damages, punitive damages, and equitable relief.

66. Plaintiffs and the Class Members are also entitled to injunctive relief including ordering Equifax to employ adequate security measures to protect consumers' personally identifiable information.

## COUNT FIVE

## VIOLATIONS OF STATE DATA BREACH STATUTES

### (Separate Statewide Classes)

67. Plaintiffs restate and re-allege Paragraphs 1 through 66 as if fully set forth herein.

68. Legislatures in the states and jurisdictions listed below have enacted data breach statutes. These statutes generally require that any person or business conducting business within the state that owns or licenses computerized data that includes personal information shall disclose any breach of the security of the system to any resident of the state whose personal information was acquired by an unauthorized person, and further require that the disclosure of the breach be made in the most expedient time possible and without unreasonable delay.

69. The Equifax data breach constitutes a breach of the security system of Equifax within the meaning of the below state data breach statutes and the data breached is protected and covered by the below data breach statutes.

70. Plaintiffs' and Class Members' names, birth dates, Social Security numbers, credit card numbers, driver's license numbers, and documents pertaining to disputed charges constitute personal information under and subject to the below state data breach statutes.

71. Equifax unreasonably delayed in informing the public, including Plaintiffs and Class Members, about the breach of security of Plaintiffs' and Class Members' confidential and non-public personal information after Equifax knew or should have known that the data breach had occurred.

72. Equifax failed to disclose to Plaintiffs and Class Members without unreasonable delay and in the most expedient time possible, the breach of security of Plaintiffs' and Class Members' personal and financial information when Equifax knew or reasonably believed such information had been compromised.

73. Plaintiffs and Class Members suffered harm directly resulting from Equifax's failure to provide and the delay in providing Plaintiffs and Class Members with timely and accurate notice as required by the below state data breach statutes. Plaintiffs suffered the damages alleged above as a direct result of Equifax's delay in providing timely and accurate notice of the data breach.

74. Because Equifax failed to provide timely and accurate notice of the data breach, Plaintiffs and Class Members were unable to avoid and/or attempt to ameliorate or mitigate the damages and harm resulting in the unreasonable delay by Equifax in providing notice.

75. Equifax's failure to provide timely and accurate notice of the data breach violated the following state data breach statutes:

a. Alaska Stat. Ann. § 45.48.010(a), et seq.;

b. Ark. Code Ann. § 4-110-105(a), et seq.;

c. Cal. Civ. Code § 1798.83(a), et seq.;

d. Colo. Rev. Stat. Ann § 6-1-716(2), et seq.;

e. Conn. Gen. Stat. Ann. § 36a-701b(b), et seq.;

f. Del. Code Ann. Tit. 6 § 12B-102(a), et seq.;

g. D.C. Code § 28-3852(a), et seq.;

h. Fla. Stat. Ann. § 501.171(4), et seq.;

i. Ga. Code Ann. § 10-1-912(a), et seq.;

j. Haw. Rev. Stat. § 487N-2(a), et seq.;

k. Idaho Code Ann. § 28-51-105(1), et seq.;

l. Ill. Comp. Stat. Ann. 530/10(a), et seq.;

m. Iowa Code Ann. § 715C.2(1), et seq.;

n. Kan. Stat. Ann. § 50-7a02(a), et seq.;

o. Ky. Rev. Stat. Ann. § 365.732(2), et seq.;

p. La. Rev. Stat. Ann. § 51:3074(A), et seq.;

q. Md. Code Ann., Commercial Law § 14-3504(b), et seq.;

r. Mass. Gen. Laws Ann. Ch. 93H § 3(a), et seq.;

s. Mich. Comp. Laws Ann. § 445.72(1), et seq.;

t. Minn. Stat. Ann. § 325E.61(1)(a), et seq.;

u. Mont. Code Ann. § 30-14-1704(1), et seq.;

v. Neb. Rev. Stat. Ann. § 87-803(1), et seq.;

w. Nev. Rev. Stat. Ann. § 603A.220(1), et seq.;

x. N.H. Rev. Stat. Ann. § 359-C:20(1)(a), et seq.;

y. N.J. Stat. Ann. § 56:8-163(a), et seq.;

z. N.C. Gen. Stat. Ann. § 75-65(a), et seq.;

aa. N.D. Cent. Code Ann. § 51-30-02, et seq.;

bb. Okla. Stat. Ann. Tit. 24 § 163(A), et seq.;

cc. Or. Rev. Stat. Ann. § 646A.604(1), et seq.;

dd. R.I. Gen. Laws Ann. § 11-49.2-3(a), et seq.;

ee. S.C. Code Ann. § 39-1-90(A), et seq.;

ff. Tenn. Code Ann. § 47-18-2107(b), et seq.;

gg. Tex. Bus. & Com. Code Ann. § 521.053(b), et seq.;

hh. Utah Code Ann. § 13-44-202(1), et seq.;

ii. Va. Code. Ann. § 18.2-186.6(B), et seq.;

jj. Wash. Rev. Code Ann. § 19.255.010(1), et seq.;

kk. Wis. Stat. Ann. § 134.98(2), et seq.; and

ll. Wyo. Stat. Ann. § 40-12-502(a), et seq.

76. Plaintiffs and Class Members seek all remedies available under their respective state data breach statutes, including but not limited to: (a) damages suffered by Plaintiffs and Class Members as alleged above; (b) equitable relief, including injunctive relief; and (c) reasonable attorneys' fees and costs, as provided by law.

## VIII. REQUEST FOR RELIEF

Plaintiffs, individually and on behalf of the Nationwide Equifax Class and Separate Statewide Classes, respectfully request that the Court enter judgment in their favor and against Equifax as follows:

a. For an Order certifying the Classes, as defined herein, and appointing Plaintiffs and their Counsel to represent the Nationwide Equifax Class and Separate Statewide Classes;

b. A Trial by Jury;

c. For compensatory and punitive damages against Equifax in an amount to be determined by a jury;

d. For equitable relief enjoining Equifax from engaging in further wrongful conduct and from putting the Plaintiffs and Class Members in any further danger of having their personal information stolen by third parties;

e.  For equitable relief requiring Equifax to employ adequate security measures to protect customers' personally identifiable information;

f.  For an award of attorneys' fees, costs, and litigation expenses;

g.  For prejudgment interest on all amounts awarded; and

h.  Other relief as this Court may deem just and proper.

Respectfully submitted this 18th day of September, 2017.

/s/ Justin B. Connell
Justin B. Connell
Georgia Bar No. 142692
Stanford G. Wilson
Georgia Bar No. 769175

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, N.E.
800 International Tower
Atlanta, GA 30303
(404) 659-6700
(404) 222-9718 (facsimile)
connell@elarbeethompson.com
swilson@elabeethompson.com

/s/ J. Shane Hudson
J. Shane Hudson
Georgia Bar No. 153047

HUDSON KING
615 Virginia Avenue North
Suite A
Tifton, GA 31794
(229) 515-8585
jshudson@hudsonkinglaw.com